In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00336-CR
NO. 09-21-00337-CR
_____

JAMARCUS DONEL POLLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause Nos. 20-06-07676-CR, 20-09-10850-CR

## MEMORANDUM OPINION

Jamarcus Donel Polley filed appeals from two convictions for aggravated robbery, which resulted from the trial before the same jury in trial court Cause Numbers 20-06-07676-CR and 20-09-10850-CR.[1] After filing the notices of appeal, the trial court appointed an attorney to

---

[1]*See* Tex. Penal Code Ann. § 29.03(a)(2) (aggravated robbery is a first-degree felony).

1

represent Polley in his appeals. The attorney discharged his responsibilities to Polley by filing an *Anders* brief.[2] In the consolidated brief the attorney filed in the appeals, Polley's attorney explained why in Polley's case no arguable issues exist to reverse the judgments the trial court signed convicting Polley of committing two aggravated robberies.[3] The consolidated brief contains a professional evaluation of the record. In the brief, Polley's attorney explains why, under the record in Polley's case, no arguable issues exist to support reversing either judgment.[4] Polley's attorney also represented that he sent Polley a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Polley, by letter, that he could file a pro se brief or a response with the Court in his appeals on or before April 19, 2022. Polley, however, did not respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*

would support his appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's briefs, we agree there are no arguable grounds to support Polley's appeals. Thus, it follows that the appeals are frivolous.[6] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeals.[7]

The trial court's judgments are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 14, 2022
Opinion Delivered September 28, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Polley may challenge our decision in the cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.